IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEONARD COLBERT and          §
LUCILLE ALLEN,               §
                             §
          Plaintiffs,        §
                             §
v.                           §          CIVIL ACTION NO. H-12-2827
                             §
FEDERAL NATIONAL MORTGAGE    §
ASSOCIATION, a/k/a Fannie Mae, §
and BANK OF AMERICA, N.A.,    §
                             §
          Defendants.        §

## MEMORANDUM OPINION AND ORDER

Plaintiffs Leonard Colbert and Lucille Allen (collectively, "Plaintiffs") brought this action against Defendants Federal National Mortgage Association ("Fannie Mae") and Bank of America, N.A. ("Bank of America") (collectively, "Defendants") in the 281st Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2012-47110. Defendants timely removed the action to this court. Pending before the court is Defendants' Motion to Dismiss ("Motion to Dismiss") (Docket Entry No. 4). For the reasons explained below the court will grant the Motion to Dismiss.

## I. <u>Background</u>

### A.   Facts and Allegations

In 2007 Plaintiffs financed the purchase of a home with a mortgage loan.[1] Plaintiffs defaulted on their mortgage obligation sometime after April 2011.[2] Plaintiffs allege that in July 2011 Bank of America provided them with an application for a loan modification under the federal government's Home Affordable Mortgage Program ("HAMP").[3] Plaintiffs allege that they completed the HAMP application and that Bank of America then requested more information from Plaintiffs.[4] Plaintiffs allege that they provided the requested information to Bank of America but never received any notification of approval or denial for the program.[5]

Plaintiffs allege that prior to November 1, 2011, they "received a letter about their home going up for auction."[6] Bank of America conducted a foreclosure sale on November 1, 2011.[7]

---

[1]Plaintiff's Original Petition, Application for Temporary Restraining Order and Request for Temporary Injunction ("Original Petition"), Ex. 1 to Defendants' Notice of Removal ("Notice of Removal"), Docket Entry No. 1-1, ¶ 7.

[2]<u>Id.</u> ¶ 9.

[3]<u>Id.</u>

[4]<u>Id.</u>

[5]<u>Id.</u>

[6]<u>Id.</u> ¶ 10.

[7]<u>Id.</u> ¶ 11;  Motion to Dismiss, Docket Entry No. 4, ¶ 3. Plaintiffs allege that Bank of America sold the property either to (continued...)

Plaintiffs allege, however, that "[i]n reliance on Defendant's representations, Plaintiffs understood that the November 1, 2011 foreclosure would not occur since they were still in the process of applying for a modification."[8]  Plaintiffs further allege that "[h]ad Plaintiffs known that Defendant's representations were false and misleading, Plaintiffs would have made a larger payment to Defendant or would have filed for bankruptcy protection prior to the foreclosure date."[9]  Plaintiffs contend that Defendants "intentionally misrepresented [their] intentions to Plaintiffs in order to prevent Plaintiffs from seeking relief through bankruptcy or other options prior to foreclosure."[10]

**B.    Procedural History**

Plaintiffs filed their Original Petition in state court on August 16, 2012, bringing claims for (1) common law fraud; (2) wrongful foreclosure due to fraud; (3) wrongful foreclosure due to failure to properly notice; (4) slander of title; (5) promissory

---

[7](...continued)
itself or to Fannie Mae and that at all relevant times the actions of each Defendant were agreed to and participated in by the other Defendant.  Original Petition, Docket Entry No. 1-1, ¶ 12.

[8]Original Petition, Docket Entry No. 1-1, ¶ 13.

[9]Id.

[10]Id. ¶ 14.

estoppel; and (6) unreasonable collection.[11] Plaintiffs also seek an accounting and injunctive relief.[12]

On September 20, 2012, Defendants removed the action based on diversity jurisdiction under 28 U.S.C. § 1332.[13] Defendants filed the pending Motion to Dismiss on September 26, 2012, arguing that Plaintiffs failed to state any claims for which relief may be granted.[14] Plaintiffs responded on October 18, 2012,[15] and Defendants replied on November 21, 2012.[16]

## II. <u>Standard of Review</u>

### A. Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom Cloud v. United States</u>, 122 S. Ct. 2665 (2002). The court must

---

[11]<u>Id.</u> at 4-6.

[12]<u>Id.</u> at 6-7.

[13]Notice of Removal, Docket Entry No. 1, at p. 1.

[14]Motion to Dismiss, Docket Entry No. 4, ¶ 9.

[15]Plaintiffs Response to Motion to Dismiss ("Plaintiffs' Response"), Docket Entry No. 5.

[16]Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss ("Defendants' Reply"), Docket Entry No. 7.

accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). Under Federal Rule of Civil Procedure 8(a) a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966). Because jurisdiction is based on diversity Texas substantive law applies. See PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co., 701 F.3d 1070, 1074 (5th Cir. 2012).

When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**B.   Pleading Fraud Claims**

Federal Rule of Civil Procedure 9(b) imposes a heightened level of pleading for fraud claims.  A party bringing a fraud claim "must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  The plaintiff must therefore "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"  <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 551 (5th Cir. 2010) (quoting <u>ABC Arbitrage v. Tchuruk</u>, 291 F.3d 336, 350 (5th Cir. 2002)).  A dismissal for failure to comply with Rule 9(b) is a dismissal on the pleadings for failure to state a claim.  <u>United States *ex rel.* Russell v. Epic Healthcare Mgmt. Grp.</u>, 193 F.3d 304, 308 (5th Cir. 1999).

### III.   <u>Motion to Dismiss</u>

**A.   Fraud**

In Count One of their Original Petition Plaintiffs allege that Defendants committed common law fraud to obtain title to Plaintiffs' home.[17]  Plaintiffs do not allege any facts in Count 1; instead Plaintiffs point to the facts stated in the "Factual Background" section of the Original Petition to bolster their fraud claim.[18]  Plaintiffs allege that Bank of America mailed "the packet for HAMP" to Plaintiffs and later "requested more information" from

---

[17]Original Petition, Docket Entry No. 1-1, at p. 4.

[18]<u>Id.</u>

Plaintiffs.[19]   Plaintiffs also allege that after "receiv[ing] a letter about their home going up for auction" Plaintiffs "understood that because they were in the process of being reviewed for the modification program they would be okay."[20]   The Original Petition does not include any other allegations relating to a potential fraud used to obtain title to the Plaintiffs' home. Defendants contend that Plaintiffs' allegations do not satisfy the heightened pleading requirements of Rule 9(b) and are insufficient to state a plausible claim for fraud under Texas law.[21]   The court agrees.

When viewed as a whole Plaintiffs' allegations do not comply with Rule 9(b) because the allegations do not include the statements contended to be fraudulent, the time any such statements were made, or why such statements were fraudulent.   See Sullivan, 600 F.3d at 551.   While Plaintiffs allege that Defendants made misrepresentations on which Plaintiffs relied, Plaintiffs do not describe any misrepresentations with particularity.   In fact according to the Original Petition the only representations that were made prior to foreclosure were the mailing of the HAMP packet, the requests for information concerning HAMP, and the letter regarding the auction of Plaintiffs' home.[22]   For purposes of Rule

---

[19]Original Petition, Docket Entry No. 1-1, ¶¶ 9, 18.

[20]Id. ¶ 10.

[21]Motion to Dismiss, Docket Entry No. 4, ¶ 9.

[22]Original Petition, Docket Entry No. 1-1, ¶¶ 9-10.

9(b) the Original Petition lacks adequate description of these alleged misrepresentations.

Plaintiffs also allege that "[t]hey were even still receiving letters in March and April 2012 as if they were still in the modification review process."[23]  In their Response Plaintiffs argue that the reference to these letters brings the Original Petition into compliance with Rule 9(b).[24]  But Plaintiffs do not describe in the Original Petition why the statements made in these letters were fraudulent.  Furthermore Plaintiffs allege that Defendants committed fraud "to obtain title to Plaintiffs' home."[25]  Because the letters are from March 26, 2012, and April 4, 2012,[26] any representations therein could not have been made prior to the time Defendants obtained title to the home at foreclosure on November 1, 2011.  See Grant v. U.S. Dep't of Veterans' Affairs, 827 F. Supp. 418, 422 (S.D. Tex. 1993) ("Under Texas law . . . the purchase at a valid foreclosure sale takes full and complete record title, free of all liens, as against the mortgagor of the property.").

Moreover even if Plaintiffs' fraud claims did satisfy Rule 9(b) the allegations are insufficient to survive a motion to dismiss under Twombly and Iqbal.  To prevail on a fraud claim under

---

[23]Id. ¶ 10.  The letters were attached to the Original Petition as Exhibit A.  Ex. A to Original Petition, Docket Entry No. 1-1.

[24]Plaintiffs' Response, Docket Entry No. 5, at pp. 1-2.

[25]Original Petition, Docket Entry No. 1-1, at p. 4.

[26]Ex. A to Original Petition, Docket Entry No. 1-1.

Texas law a plaintiff must prove that:  (1) the defendant made a
material representation that was false; (2) the defendant knew the
representation was false or made it recklessly as a positive
assertion without any knowledge of its truth; (3) the defendant
intended to induce the plaintiff to act upon the representation;
(4) the plaintiff actually and justifiably relied upon the
representation; and (5) the plaintiff thereby suffered an injury.
Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co., 51 S.W.2d
573, 577 (Tex. 2001).

        Here, Plaintiffs fail to allege sufficient facts showing that
Defendants made a material representation that was false.  Even if
the court were to accept Plaintiffs' contention that Defendants
falsely represented that foreclosure would not occur, Plaintiffs'
claim would still warrant dismissal.  "A statement of future
performance cannot serve as the basis for fraud unless there was no
intention of performing the promise *at the time it was made*."  Hall
v. Douglas, 380 S.W.3d 860, 870-71 (Tex. App.—Dallas 2012, no pet.
h.) (citing Formosa Plastics Corp. USA v. Presidio Engineers and
Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1996)).  Beyond the
conclusory assertion that Plaintiffs "believed that Defendants
intentionally misrepresented [their] intentions,"[27] Plaintiffs offer
no facts to allow the court to draw the reasonable inference that
Defendants had no intention of performing the promise at the time

---

[27]Original Petition, Docket Entry No. 1-1, ¶ 14.

it was made.  The court therefore concludes that Plaintiffs' fraud claim warrants dismissal under both Rule 9(b) and <u>Twombly</u> and <u>Iqbal</u>.

**B.   Wrongful Foreclosure**

In Count Two Plaintiffs assert a claim for wrongful foreclosure due to fraud, and in Count Three a claim for wrongful foreclosure due to failure to properly notice.[28]  Plaintiffs allege that Defendants intentionally made material false representations and that Plaintiffs relied on those representations to their detriment.[29]  Plaintiffs further allege that they "believe[] that Defendant failed to follow Texas requirements for acceleration of [the] note and for notice of foreclosure sale."[30]  Defendants argue that wrongful foreclosure due to fraud is not a recognized cause of action under Texas law and that Plaintiffs do not plead the requisite elements for a wrongful foreclosure due to failure to properly notice.[31]  The court agrees with Defendants as to both Counts.

Neither Count Two nor Count Three is plausible on its face because Plaintiffs do not plead the requisite elements of a wrongful foreclosure claim.  In Texas, to prevail on a wrongful

---

[28]<u>Id.</u> at 5.

[29]<u>Id.</u>

[30]<u>Id.</u>

[31]Motion to Dismiss, Docket Entry No. 4, ¶¶ 23-29.

foreclosure claim a plaintiff must establish: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).

The allegation of fraud in Count Two is not an allegation of a defect in the foreclosure sale proceedings. See Moye v. Fed. Home Loan Mortg. Corp., 2012 WL 3048858, at *4 (S.D. Tex. July 25, 2012). Count Two must therefore be dismissed. As to Count Three, Plaintiffs do not allege a grossly inadequate sale price or a causal connection between the alleged notice defect and an inadequate sale price. Moreover Plaintiffs do not plead any facts to show that Defendants failed to comply with Texas law in accelerating the note and providing proper notice of foreclosure. Accordingly, Count Three must be dismissed.

## C.  **Slander of Title**

Plaintiffs allege in Count Four that they "believe[]" Defendants "have not received a conveyance of title and/or rights from the original mortgagee . . . nor from any legitimate successor in interest" and that therefore Defendants actions "constitute a slander of Plaintiff[s'] title to the subject property."[32] Defendants contend that Plaintiffs do not allege sufficient facts

---

[32]Original Petition, Docket Entry No. 1-1, at p. 5.

to withstand Defendants' motion to dismiss Count Four.[33]  The court
agrees.

A slander of title action in Texas requires: (1) the uttering
and publishing of disparaging words; (2) falsity; (3) malice;
(4) special damages; (5) possession of an estate or interest in the
property disparaged; and (6) the loss of a specific sale.  <u>Williams
v. Jennings</u>, 755 S.W.2d 874, 879 (Tex. App.—Houston 1988, writ
ref'd).  Plaintiffs do not allege the publishing of disparaging
words, falsity, malice, special damages, or loss of a specific
sale.  This is insufficient, and Count Four must therefore be
dismissed.

## D.   Promissory Estoppel

Plaintiffs assert a promissory estoppel claim in Count Five,
alleging that Defendants "entered into an oral contract for
application and participation in the HAMP program with Plaintiffs,
then breached the agreement."[34]  Plaintiffs also allege that they
reasonably relied on Defendants' promises to their detriment.[35]
Defendants argue that Plaintiffs do not allege enough facts to
establish that Defendants made a promise as is required for a

_____

[33]Motion to Dismiss, Docket Entry No. 4, ¶¶ 30-31.

[34]Original Petition, Docket Entry No. 1-1, at p. 6.

[35]<u>Id.</u>

-12-

promissory estoppel claim.[36]   The court concludes that Count Five must be dismissed.

To state a claim for promissory estoppel, a plaintiff must plead facts showing:  (1) a promise; (2) foreseeability of reliance on that promise by the promisor; and (3) substantial reliance by the plaintiff to her detriment.  English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983).  The plaintiff must also be able to establish that "the defendant promised to sign an agreement satisfying the statute of frauds."  Cavil v. Trendmaker Homes, Inc., 2012 WL 170751, at *7 (S.D. Tex. Jan. 19, 2012) (citing "Moore" Burger, Inc. v. Phillips Pet. Co., 492 S.W.2d 934, 937 (Tex. 1972)).

Nowhere in the Original Petition do Plaintiffs allege facts to show that Defendants entered into the oral contract alleged in Count Five.  As Plaintiffs argue in their Response, the only alleged promises were contained in the letters of March 26, 2012, and April 4, 2012.[37]  None of those promises can form the basis of the promissory estoppel claim because any breach of the alleged oral contract would have occurred at foreclosure.  Furthermore there is no allegation in the Original Petition that either Defendant ever agreed to sign a contract that satisfies the statute of frauds.  The court therefore concludes that Count Five is not plausible on its face and must be dismissed.

---

[36]Motion to Dismiss, Docket Entry No. 4, ¶ 34.

[37]Plaintiffs' Response, Docket Entry No. 5, at p. 3.

**E.   Unreasonable Debt Collection**

Plaintiffs allege that Defendants' conduct, "including the wrongful foreclosure of its alleged interest in Plaintiff[s'] home," constitutes an unreasonable debt collection effort.[38] Defendants argue that Plaintiffs do not allege any conduct that could amount to an unreasonable collection effort under Texas law.[39]

A claim for unreasonable debt collection is an intentional tort. <u>Vanderbilt Mortg. & Fin., Inc. v. Flores</u>, 747 F. Supp. 2d 794, 818 (S.D. Tex. 2010) (citing <u>EMC Mortg. Corp. v. Jones</u>, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.). The Texas standard requires "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." <u>Water Dynamics, Ltd. v. HSBC Bank USA, Nat'l Ass'n</u>, 2013 WL 363118, at *2 (5th Cir. Jan. 30, 2013) (citing <u>De Francheschi v. BAC Home Loans Servicing, L.P.</u>, 477 F. App'x 200, 204-05 (5th Cir. 2012) and <u>Jones</u>, 252 S.W.3d at 868).

Plaintiffs' allegation that Defendants' wrongful foreclosure amounts to an unreasonable debt collection is unavailing because the court has already concluded that Plaintiffs' wrongful foreclosure claim must be dismissed. Plaintiffs allege no other facts that would allow the court to draw the reasonable inference that Defendants are liable for common law unreasonable debt

---

[38]Original Petition, Docket Entry No. 1-1, at p. 6.

[39]Motion to Dismiss, Docket Entry No. 4, ¶ 49.

collection efforts.[40]  The court therefore concludes that Count Six must be dismissed.

## F.   Accounting

Plaintiffs assert that Defendants did not provide "an accounting of funds received prior to foreclosure and . . . at the foreclosure sale."[41]  Plaintiffs seek an order compelling Defendants to provide a full accounting."[42]  Defendants move for dismissal of this claim because an accounting is a remedy, not an independent cause of action.[43]  Defendants argue that Plaintiffs do not state any underlying claims for which relief can be granted to support the remedy of an accounting.[44]  The court agrees that Plaintiffs have not stated any valid cause of action under which they are entitled to an accounting.    Count Seven will therefore be dismissed.

---

[40]Plaintiffs did not address the unreasonable collection claim in their Response.

[41]Original Petition, Docket Entry No. 1-1, at p. 6.

[42]Id.

[43]Motion to Dismiss, Docket Entry No. 4, ¶ 51.

[44]Id.  Plaintiffs did not address their request for an accounting in their Response.

-15-

**G.    Injunctive Relief**

Plaintiffs seek a permanent injunction to prevent Defendants from interfering with or excluding Plaintiffs from the property.[45] Plaintiffs also seek an order compelling Defendants to provide documentation and proof of Defendants' ownership of the mortgage indebtedness.[46]   Because all of Plaintiffs' claims will be dismissed, Plaintiffs' requests for injunctive relief will also be dismissed.   See Brown v. Ke-Ping Xie, 260 S.W.3d 118, 122 (Tex. App.—Houston 2008, no pet.) ("[A] party can obtain an injunction only by showing a probable right to recovery through a claim or cause of action."(internal quotation marks omitted)).

## IV.   Conclusion and Order

The court concludes that, when viewing the allegations in the Original Petition in a light most favorable to Plaintiffs, Plaintiffs have not alleged any claim to relief that is plausible on its face.  Defendants' Motion to Dismiss (Docket Entry No. 4) is therefore **GRANTED.**

**SIGNED** at Houston, Texas, on this 8th day of February, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[45]Original Petition, Docket Entry No. 1-1, at pp. 6-7.

[46]Id.

-16-